UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-3563-MWF(DFM)**          **Date:  June 29, 2026**
Title:     Luis Juarez-Trevizo v. Todd M. Lyons, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

   Deputy Clerk:                         Court Reporter:
   Rita Sanchez                          Not Reported

   Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
   None Present                          None Present

**Proceedings (In Chambers):**          ORDER DENYING PETITIONER'S EX
                                        PARTE APPLICATION FOR TEMPORARY
                                        RESTRAINING ORDER [2]

Before the Court is Petitioner Luis Juarez-Trevizo's Ex Parte Application for Temporary Restraining Order (the "Application") filed on June 26, 2026.  (Docket No. 2).

The Application is **DENIED**.  Petitioner has not demonstrated why he is entitled to a temporary restraining order given General Order 26-05 and its expedited briefing schedule for resolution of his Petition.

Petitioner's Application requests a temporary restraining order that orders his immediate release from detention, an injunction against transfer outside of this District, and an injunction against removal from the United States pending adjudication of his Petition for Writ of Habeas Corpus, filed concurrently with the Application. (Application at 2).  Petitioner makes the Application on the basis that he is likely to succeed on the merits of his statutory, regulatory, and constitutional claims.  (*See id.* at 7-13).

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  A party seeking a TRO, like a preliminary injunction, must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

---

**CIVIL MINUTES—GENERAL**                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-3563-MWF(DFM)**          **Date:  June 29, 2026**

Title:     Luis Juarez-Trevizo v. Todd M. Lyons, et al.

balance of the equities tips in his favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer."  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Additionally, this action and the Application are subject to General Order 26-05 and the expedited briefing schedule contained therein.  (*See* Docket No. 7).  As explained in General Order 26-05, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order.  Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  *See* General Order 26-05 ¶ 3.

Therefore, one of the stated purposes of General Order 26-05 is to expedite briefing on the underlying Petition such that temporary relief is no longer necessary because the Petition will be promptly heard.  Petitioner does articulate the possibility in the Application that he will be removed prior to the adjudication of the underlying Petition, and that his removal will cause irreparable harm.  (*See* Application at 13).  But the possibility of such harm occurring prior to the Petition being heard is speculative, at least for now, given that General Order 26-05 also requires Respondents to give at least two court days' notice prior to any removal.  *See* General Order 26-05 ¶ 6.

Beyond the possibility of removal, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for his putatively unlawful detention.  (*See* Application at 13-14).  But if unlawful detention was sufficient to warrant emergency, ex parte relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-3563-MWF(DFM)**                    **Date:  June 29, 2026**
Title:      Luis Juarez-Trevizo v. Todd M. Lyons, et al.

Accordingly, the Application is **DENIED**.

This case has been referred to Magistrate Judge Douglas F. McCormick.  (*See* Docket No. 6).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge McCormick for decision.

IT IS SO ORDERED.