UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03563-MWF(DFM)**                    **Date:  July 2, 2026**
Title:      Luis Juarez-Trevizo v. Todd M. Lyons, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

       Deputy Clerk:                                    Court Reporter:
       Rita Sanchez                                     Not Reported

       Attorneys Present for Plaintiff:                 Attorneys Present for Defendant:
       None Present                                      None Present

**Proceedings (In Chambers):**              ORDER DENYING PETITIONER'S
                                            EMERGENCY EX PARTE APPLICATION
                                            FOR A TEMPORARY RESTRAINING
                                            ORDER STAYING REMOVAL [10]

Before the Court is Petitioner Luis Juarez-Trevizo's Emergency Ex Parte Application to Enforce General Order 26-05 and the Court's June 26, 2026 Scheduling Order and for a Temporary Restraining Order Staying Removal (the "Application") filed on June 30, 2026.  (Docket No. 10).  Respondents filed an Opposition on July 1, 2026.  (Docket No. 13).

Having read and considered the papers on the Application, the Application is **DENIED**.  Petitioner has not demonstrated a likelihood of success on the claims in his Application.

## I.      BACKGROUND

### A.      Procedural Background

Petitioner filed the Petition for Writ of Habeas Corpus ("Petition") on June 26, 2026.  (Docket No. 1).  Concurrent with the Petition, Petitioner filed an Ex Parte Application for Temporary Restraining Order (the "Prior Application") arguing for his immediate release.  (Docket No. 2).  On June 29, 2026, the Court denied the Prior Application given the entry of General Order 26-05 and the expedited briefing schedule contained therein, since Petitioner had not demonstrated exigent

---

**CIVIL MINUTES—GENERAL**                                                  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-03563-MWF(DFM)                Date:  July 2, 2026
Title:     Luis Juarez-Trevizo v. Todd M. Lyons, et al.

circumstances requiring preliminary relief.  (*See generally* Order Denying Petitioner's Ex Parte Application for Temporary Restraining Order ("Prior Order") (Docket No. 8)).

Following the Prior Order and pursuant to General Order 26-05, Respondents filed a Notice of Intended Removal on June 30, 2026, indicating an intent to remove Petitioner within 48 hours of that Notice.  (*See* Docket No. 9).  The Opposition now indicates that Respondents plan to remove Petitioner to Mexico on July 4, 2026, via commercial flight from Los Angeles International Airport.  (Declaration of Henry Cervantes ("Cervantes Decl.") (Docket No. 13-1) ¶ 11).  Petitioner thus renewed his request for a temporary restraining order with this Application.  In light of these exigent circumstances, the Court then ordered Respondents to file an Opposition to the Application by July 1, 2026, at 4 p.m.  (Docket No. 11).  The Court indicated no reply should be filed.  (*Id.*).  Respondents timely filed an Opposition.

## B.      **Factual Background**

Petitioner Luis Juarez-Trevizo is a native and citizen of Mexico who has resided in the United States for over thirty years.  (Petition ¶ 1).  During that time, he has married a U.S. citizen and together they have four U.S. citizen children.  (*Id.*).

Petitioner first entered the United States without authorization on or around January 1, 1992.  (*Id.* ¶ 14).  On February 2, 2001, INS ordered Petitioner removed to Mexico.  (*Id.* ¶ 15).  While the Petition does not state this directly, Respondents' Opposition states that Petitioner was indeed removed from the United States on February 2, 2001, and that Petitioner returned without authorization at some date thereafter.  (Cervantes Decl. ¶¶ 5, 7).  The Petition essentially confirms this timeline, as it states that Petitioner has "been continuously present in the United States since 2001," although the Petition does not recount anything about the circumstances of Petitioner's re-entry.  (*See* Petition ¶ 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03563-MWF(DFM)**          **Date:  July 2, 2026**
Title:      Luis Juarez-Trevizo v. Todd M. Lyons, et al.

Petitioner's current detention stems from an arrest conducted at a McDonalds in Fontana, California on or around June 20 or June 21, 2026.  (*Id.* ¶ 23).  Petitioner alleges that he was not provided with an arrest warrant or "any other documentation as to the basis for the apprehension."  (*Id.* ¶ 26).

Petitioner argues that his arrest and subsequent detention violate the law in several ways.  First, Petitioner asserts Respondents arrested him without a warrant and without complying with 8 U.S.C. § 1357(a)(2), which sets forth requirements for a warrantless arrest.  (Petition ¶ 28).  Next, Petitioner alleges that Respondents did not validly reinstate his prior removal order from 2001 under the applicable regulations, and thus his detention pending removal is invalid without a validly reinstated removal order.  (*Id.* ¶¶ 33-35).  And third, Petitioner alleges that his detention without any individualized process violates the Fifth Amendment's due process clause.  (*Id.* ¶¶ 38-40).

The Petition was unable to be verified by the Petitioner himself as he was in custody, but Petitioner's counsel verified the information in the Petition as provided by Petitioner, his family members, and personal representatives.  (*Id.* at 20).

## II.      **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03563-MWF(DFM)**          **Date:  July 2, 2026**
Title:      Luis Juarez-Trevizo v. Todd M. Lyons, et al.

injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing an injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.    **DISCUSSION**

In the current Application, Petitioner incorporates by reference his previous arguments on the likelihood of success of his claims that were presented in the Prior Application.  (*See* Application at 6).  Again, these claims were: (1) Respondents unlawfully arrested Petitioner without a warrant and without satisfying the warrantless arrest requirements of 8 U.S.C. § 1357(a)(2); (2) Respondents violated regulatory requirements by detaining Petitioner subject to a removal order that was not validly reinstated; and (3) that his detention without individualized process violated the Fifth Amendment.  But evidence submitted in Respondents' Opposition to the Application rebuts the factual predicates for the first two claims, and Petitioner does not establish entitlement to relief under the third.

### A.    **Warrantless Arrest**

As to the putatively warrantless arrest, Respondents submit an affidavit from Henry Cervantes, a Deportation Officer assigned to the Los Angeles Field Office at the Adelanto Detention Facility, that states that Petitioner was arrested "pursuant to a Warrant of Arrest (I-200)."  (Cervantes Decl. ¶ 9).  The I-200 Warrant, dated June 20, 2026, the date of Petitioner's arrest, is also attached to the Cervantes Declaration.  (*Id.* at Page ID #179).  Because Petitioner's arrest was made pursuant to a warrant, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-03563-MWF(DFM)**          **Date:  July 2, 2026**

Title:     Luis Juarez-Trevizo v. Todd M. Lyons, et al.

---

provisions of § 1357(a)(2) do not apply, and the arguments made on this basis must be rejected.

### B.    <u>Reinstatement of Removal Order</u>

Next, contrary to Petitioner's arguments in the Application, Respondents have submitted evidence supporting that they have complied with the requirements for reinstating removal orders under 8 C.F.R. § 241.8.

As summarized by the Ninth Circuit in *Morales-Izquierdo v. Gonzales,* 486 F.3d 484, 495 (9th Cir. 2007), to reinstate a removal order under 8 C.F.R. § 241.8(a), an immigration officer must (1) verify the identity of the noncitizen; (2) obtain the prior order of removal pertaining to the noncitizen; and (3) determine whether the noncitizen reentered the United States illegally.  The immigration officer must then provide the noncitizen with written notice of this determination, and advise about the ability to make a written or oral statement contesting the determination.  *See* 8 C.F.R. 241.8(b).

Petitioner argues in the Application that none of these steps were followed.  (*See* Application at 6; Prior Application at 10).  But again, Respondents have submitted evidence that such a notice of reinstatement determination was provided to Petitioner on Form I-871.  (Cervantes Decl. ¶ 9).  And again, the Form I-871, which advises Petitioner of the ability to contest the determination, is attached to the Cervantes Declaration and is dated June 20, 2026, the date of Petitioner's arrest.  (*Id.* Page ID #182).  Accordingly, the requirements of 8 C.F.R. 241.8(a) and (b) have been met.

Petitioner also argues that ICE was obligated to make an inquiry into whether he has a credible fear of persecution or torture in the country of removal, and ICE has failed to do so here. (Prior Application at 11).  But Petitioner misstates the language of the regulation, which provides that only if a noncitizen "expresses a fear of returning to the country designated in [the reinstatement] order" must the noncitizen be presented to an immigration officer.  *See* 8 C.F.R. § 241.8(e).  The regulations therefore do not put the onus on ICE to "screen" Petitioner for credible fear, as the Prior Application

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-03563-MWF(DFM)          Date:  July 2, 2026
Title:     Luis Juarez-Trevizo v. Todd M. Lyons, et al.

put it, but Petitioner himself must make such a representation to be referred to an asylum officer.  (*See* Prior Application at 11).  Petitioner's one cited case, *Ortiz-Alfaro v. Holder,* 694 F.3d 955, 956-57 (9th Cir. 2012), holds no differently, affirming that the regulations state that the noncitizen must assert a fear of prosecution.  Petitioner's counsel all but concedes that Petitioner has ***not*** made such an affirmative expression of credible fear, stating that counsel "is actively investigating" the matter.  (*Id.*).  Respondents, for their part, submit that Petitioner has not expressed any fear of return to Mexico.  (Cervantes Decl. ¶ 10).

Accordingly, Petitioner's claim under 8 C.F.R. § 241.8 fails because Respondents have complied with the requirements for reinstating Petitioner's removal order.

### C.    Due Process

Finally, Petitioner argues that his detention violates due process because he was not provided with any process before his detention.  (Prior Application at 12).  But in prior cases where this Court and others have found such a claim successful, the factual scenario was such that the petitioner had been once detained by ICE, released in ICE's discretion, and then re-detained without any process.  *See, e.g., Baltazar v. Noem,* EDCV 26-00015-MWF (MBK), 2026 WL 413527, at *3-4 (C.D. Cal. Jan. 30, 2026); *Meneses v. Santacruz,* 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).  Indeed, the rationale for the holdings in these cases rested on the analogy to a criminal defendant being released on parole, which creates an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions."  *Id.* (citing to *Morrisey v. Brewer,* 408 U.S. 471, 482 (1972)).

No such factual circumstances are present here.  The record establishes that Petitioner was removed from the United States in 2001 and then re-entered unlawfully that same year.  There are no facts suggesting that Petitioner was released from ICE custody such that Petitioner gained a liberty interest in his release, nor does Petitioner provide case law suggesting that courts have found a liberty interest in analogous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03563-MWF(DFM)**          **Date:  July 2, 2026**
Title:      Luis Juarez-Trevizo v. Todd M. Lyons, et al.

scenarios.  *See id.* (recognizing that release on parole "generat[es] a liberty interest that 'is valuable and must be seen as within the protection of' due process").  Indeed, the only case that Petitioner cites in support of this argument is *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001), which held that a six-month period of detention is presumptively reasonable pending removal, and beyond that period of time certain due process protections begin to apply.  *Id.* at 701.  But Petitioner has only been detained for less than two weeks, and thus he does not have an argument under *Zadvydas* that he was deprived of due process.

Moreover, as Respondents argue, Petitioner is subject to the mandatory detention provisions of 8 U.S.C. § 1231(a) rather than discretionary detention under 8 U.S.C. 1226(a).  (Opp. at 5); *see* 8 U.S.C. § 1231(a)(5).  Accordingly, there is no analogous statutory right to a bond hearing before an Immigration Judge as with discretionary detention.

## IV.  **CONCLUSION**

Petitioner has not demonstrated a likelihood of success on any of the claims in the Petition.  Because Petitioner failed to carry his burden on the likelihood of success factor, the Court need not consider the other three *Winter* factors.  *See Baird v. Bonta,* 81 F.4th 1036, 1040 (9th Cir. 2023).

The Application is **DENIED**.


IT IS SO ORDERED.