UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JUAREZ-TREVIZO, Petitioner<br>v.<br>TODD M. LYONS, et al., Respondents. | Case No. EDCV 26-3563-MWF (DFM)<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Respondents' Answer (Docket No. 15); Respondents' "Status Report Confirming Petitioner was Removed from the United States; Suggestion of Mootness" (Docket No. 16); the Report and Recommendation of United States Magistrate Judge recommending the Petition be dismissed without prejudice as moot ("Report"; Docket No. 19); Petitioner's Objections to the Report ("Objections"; Docket No. 19), and the other relevant records on file.

Counsel for Petitioner objects on the ground that dismissal of the Petition as moot "sweeps too broadly," but agrees that, "[a]t a minimum, dismissal must be without prejudice." (Docket No. 19 at 2-3, 9-10).

The Ninth Circuit has "long held that a petitioner cannot avail himself of habeas corpus jurisdiction once he has been removed, because once removed, he is

no longer in custody." *See Smith v. U.S. Customs and Border Prot.*, 741 F.3d 1016, 1020 (9th Cir. 2014) (citation and internal quotation marks omitted). Here, there is no question Petitioner has been removed from the Untied States and is no longer in custody. (Docket No. 16 at 2; Docket No. 16-1; Docket No. 19 at 8). Therefore, as articulated in the Report, he may not avail himself of habeas jurisdiction and habeas relief he sought—immediate release, or alternatively, a bond hearing. (Docket No. 1 at 4 (listing as this Court's sole jurisdictional basis Petitioner being "in custody" under 28 U.S.C. § 2241), 17; Docket No. 18 at 5-6); *Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging pre-removal detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Finally, to the extent Petitioner believes he still has a statutory and regulatory claim as to whether Respondents complied with the mandatory reinstatement procedures (Docket No. 19 at 6-7), or that an order directing Respondents to facilitate his return may be an available form of relief (*id*. at 2, 5, 10), Petitioner is not precluded from pursuing such claims administratively or, if appropriate, in a civil action. *See, e.g., Emigdio-Neri v. Blanche*, No. 3:26-CV-02802-LEK-DEB, 2026 WL 1349067, at *1 (S.D. Cal. May 14, 2026) (noting that some "constitutional and other statutory claims, however, may survive . . . removal, but a petition for habeas corpus is not the appropriate vehicle to assert these claims"); *Musaeva v. Cantu*, No. CV-25-04529-PHX-MTL (ASB), 2026 WL 172026, at *1 (D. Ariz. Jan. 22, 2026) (dismissing remaining claims without prejudice to allow petitioner to re-file such claims as a civil rights complaint). As stated in the Report (Docket No. 18 at 6), and as Petitioner agrees is appropriate (Docket No. 19 at 3, 10), dismissal of this action is *without* prejudice to Petitioner pursuing other proper means for relief that may be available to him.

///

**IT IS THEREFORE ORDERED** that:

(1) the Objections are **OVERRULED**;

(2) the Report is **ACCEPTED**;

(3) the Petition is **DISMISSED** without prejudice;

(4) judgment is to be **ENTERED** accordingly; and

(5) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: September 22, 2026

MICHAEL W. FITZGERALD
United States District Judge